### E. A. KINSEY CO. v. JOHN H. HEIMERDINGER ET AL.

1. Common Pleas Reversing Default Judgment in Attachment by J. P. Retains Case as on Appeal.

A default judgment in attachment granted upon a continuance as provided by Gen. Code 10264 and rendered within the appearance hour prescribed by Gen. Code 10246, is voidable: hence, under Gen. Code 12246, the common pleas having reversed such judgment, retains the case as on appeal.

Kinsey v. Heimerdinger.

**2. Suing by Initials Instead of Full Name Does not Defeat Attachment.**

> Jurisdiction is not defeated in a suit in attachment by reason of the fact that the defendant has been sued by his initials instead of his full name.

ERROR to Hamilton common pleas court.

*Herron, Gatch & James* and *Roy M. McLaughlin,* for plaintiff in error.

*Cobb, Howard & Bailey,* for defendant in error.

**GIFFEN, P. J.**

The justice of the peace had jurisdiction of the subject-matter and of the person of the defendant by publication under Gen. Code 10263, and if the record shows that the justice rendered judgment by default without allowing one hour to the defendant in which to appear after the time mentioned in the continuance order under Gen. Code 10264, the same was voidable and not void for want of jurisdiction.

The court of common pleas having reversed the judgment of the justice for the reason that one hour was not allowed to defendants, the case is, by force of Gen. Code 12246, still pending in that court as in cases of appeal.

If it be urged that the justice had no jurisdiction of the defendant because sued as "J. H. Heimerdinger, whose first name is unknown," it is sufficient to say that without any notice being served upon the defendant, the court would still have jurisdiction in an attachment suit, *Paine* v. *Mooreland,* 15 Ohio 435 [45 Am. Dec. 585], although the proceedings would be irregular and reversible.

The petition in error will be stricken from the files.

**Smith** and **Swing, JJ.,** concur.